JOHN T. KENNEDY V. AGNES H. TAYLOR, *et al.*

PETITION; *Sufficiency, in Action to Enforce Trust*. In an action to enforce a trust, a petition which alleges that B. received certain moneys from A. "for the purpose, and with the express understanding, that he should invest the same for A. in a farm, store, or other business," and that he purchased certain described real estate therewith, and took the title in his own name, and thereafter denied that A. had any right or interest therein, sufficiently charges, as against any objection raised by demurrer, that B. took the title in his own name without the consent of A., to bring the case within the first clause of section 8 of the acts of 1862 and 1868 concerning trusts and powers.

### Error from Linn District Court.

ACTION by *Agnes H. Taylor, James W. Kennedy*, and six others, as plaintiffs, against *John T. Kennedy*, as defendant. The action was to enforce a trust. All the parties, plaintiffs and defendant, are children and heirs-at-law of Alice Kennedy, deceased, relict of John Kennedy, who died in 1863. Said John and said Alice both died intestate. The district court, at November Term 1876, sustained a demurrer to plaintiffs' petition, and defendant brings the case here.

*Selwyn Douglas,* and *J. D. Snoddy,* for plaintiff in error:

1. The matters of fact pleaded in the petition do not show John T. Kennedy to have been in 1866 the trustee of an express trust, or to have done such acts in relation to the property described in the petition as from which the law will imply a trust in favor of Alice Kennedy. (Comp. Laws of 1862, page 897.) The averments of the petition do not bring this case within either of the three classes provided for in section 8 of the said act on trusts and powers. There is no averment in the petition that John T. Kennedy took conveyances to himself without the consent of Alice Kennedy, through whom, by inheritance, the plaintiffs below claim; nor can such meaning be fairly gathered from the whole petition. Nor does the petition aver that John T. Kennedy, in violation of some trust, purchased the lands with money not his own. In fact, one would infer from the petition that if he acted as agent or trustee in purchasing the land that he pursued his power faithfully; nor is there in the petition any averment that by agreement, and without any fraudulent intent, he was to hold the land in trust for Alice Kennedy.

2. As express trusts concerning lands can only be created by writing, and as there is no such averment of any writing creating the trust claimed in this case in the petition, it cannot be claimed that John T. Kennedy is the trustee of an express trust. 7 Kas. 455; 10 Kas. 260; 17 Kas. 608.

*Dean S. Kelley,* for defendants in error:

The plaintiff in error demurred to the petition of plaintiffs below. The court overruled demurrer, and the defendant took time to answer, and no judgment has yet been rendered in the case. The petition in error should therefore be dismissed. Gen. Stat. 735, § 542; 8 Mo. 619; 43 Mo. 215; 6 Mo. 17; Freeman on Judgments, § 12; 9 Wis. 159; 3 Wis. 362.

The opinion of the court was delivered by

BREWER, J.: A demurrer to the petition filed in this case in the district court was overruled, and from such ruling

plaintiff in error brings this proceeding in error. The defendants in error object that this proceeding is premature, as no final judgment has yet been entered. They overlook the plain provision of the statute, which authorizes the review in this court of a decision on a demurrer. (Gen. Stat., p.736, § 542 of civil code.) We are compelled therefore to examine the petition, to see whether it states a cause of action; and in this examination we are furnished no assistance by the brief of counsel for defendants in error.

The petition alleges, that John Kennedy died intestate in Ohio, in 1863, leaving a widow and several children, of whom defendant was one; that said John Kennedy left about $1,000 of personal property; that there was no administration; that his widow, together with the children, continued his business until 1866, at which time the property amounted, profits and all, to about $3,800, and that the business was carried on in the name of the widow; that in 1866, the defendant, by consent of his mother and the said children, took and received four hundred dollars of said property, "for the purpose and with the express understanding that he should invest the same for their said mother in a farm, store, or other business, and that he was also to use as much more of the moneys aforesaid as were sufficient and necessary to purchase a home, store, or other business, and when he had settled upon such business or farm he was to notify his said mother and said children, who were then to remove to such place in Kansas as he should locate." The petition further alleges the receipt of the balance of the property by said defendant under said arrangement, his purchase therewith of certain real estate, describing it, in his own name, the removal of the family to Kansas, the death of the widow, leaving as heirs the plaintiffs and defendant, and the subsequent denial by defendant of all right and interest on the part of plaintiffs in said property. Was the demurrer properly overruled? We think it was. Whatever criticism may be placed upon the language of the petition for lack of precision and definiteness, the fair intendment is, that defendant

received money from his mother and her other children under an agreement to invest the same in property in her name and for her benefit, and that he used said money in defiance of said agreement in the purchase of the specified property in his own name. This brings the case within the provisions of sec. 8 of the act of 1862 concerning trusts and powers. (Comp. Laws, p. 898; Gen. Stat. 1868, p. 1097.) Sections 6 and 8 of that act read:

"SEC. 6. When a conveyance for a valuable consideration is made to one person, and the consideration therefor paid by another, no use or trust shall result in favor of the latter, but the title shall vest in the former, subject to the provisions of the next two sections."

"SEC. 8. The provisions of the section next before the last shall not extend to cases where the alienee shall have taken an absolute conveyance in his own name without the consent of the person with whose money the consideration was paid; or where such alienee, in violation of some trust, shall have purchased the land with moneys not his own." * *

Now in the case at bar the defendant took the conveyance in his own name without the consent of the parties paying the money, and he did so in violation of the trust reposed in him. Perhaps it may be said that the *purchase* was not in violation, but in execution, of a trust—the only violation being in placing the title in the wrong party—and that therefore the latter clause quoted of the section has no application. Be that as it may, (though we remark that the entire section was enacted in furtherance of justice, and to prevent fraud, and is not to be subjected to a strict and narrow construction,) we think it comes within the scope of the first clause. He took the conveyance in his own name, without the consent of the parties whose money paid the consideration. The want of consent, it is true, is not in so many words affirmed, but it is plainly implied, and is a fair inference from the form of the allegation. The form of the charge is, that he took money upon a trust, and an agreement to do one thing, and did another. Whatever therefore might be the subsequent approval of his conduct, the act, when done, was not

the act the parties wished and intended should be done. It was, when done, done without their consent. *Lyons v. Bodenhammer*, 7 Kas. 475; *Franklin v. Colley*, 10 Kas. 260.

This is the only question presented by counsel in their brief, and that being correctly decided by the district court, the judgment will be affirmed.

All the Justices concurring.