FRANK H. PARTRIDGE, Conservator, Appellant, *vs.* MAX BERLINER *et al.*—(EDWARD W. APPLEGATE, Appellee.)

*Opinion filed April 20, 1927.*

1. TRUSTS—*when resulting trust arises.* Where land is bought with one person's money and the title is taken in the name of another a resulting trust arises by operation of law from the acts of the parties, and the trust is not based upon any agreement but is independent of contract and is raised by the law itself upon the facts proved.

2. SAME—*presumption of a gift where title is taken in wife's name may be rebutted—burden of proof.* Where the title to property purchased by the husband is taken in the name of the wife there is a presumption that a gift to the wife was intended; but this presumption, being one of fact, is not conclusive and may be rebutted, the burden being on the husband or his representatives to show that a gift was not intended.

3. SAME—*when a conventional trust precludes wife's right to partition as co-tenant.* Where the husband purchases property and takes title in himself and his wife as joint tenants, with the expressed intention and understanding of the parties, as shown by the evidence, that the wife shall have no interest in the property other than the right of survivorship in whatever may remain undisposed of by the husband, a conventional trust is created by the agreement and understanding of the parties; and the wife will not be entitled to partition the property after a conveyance by the husband destroying the joint tenancy and a re-conveyance to him making them tenants in common, as the original trust will continue to exist the same as when the joint tenancy was created.

4. JOINT TENANTS—*what is an estate in joint tenancy.* A joint tenancy is a present estate in all the joint tenants, each being seized of the whole, and an essential characteristic of the estate is the right of survivorship, or the right of the last survivor to take the whole.

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

JAMES H. McFARLAND, (FRANK H. PARTRIDGE, and RALPH S. McFARLAND, of counsel,) for appellant.

ELMER D. BROTHERS, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Frank H. Partridge, as conservator of Lavinia A. Applegate, who was adjudged insane and committed to the Elgin State Hospital on June 20, 1925, brought suit in the superior court of Cook county for the partition of three tracts of real estate, alleging that his ward owned an undivided half of the real estate and Max Berliner the other half. Edward W. Applegate, the husband of Lavinia, was made a defendant, together with Berliner, and it was alleged that Applegate, or persons unknown to the complainant, had been collecting the rents and profits from the real estate and had not accounted for them to Mrs. Applegate. The bill alleged that the title to the land was conveyed to Mrs. Applegate and her husband in joint tenancy, and that on June 10, 1925, the husband quit-claimed his interest to Berliner. Each tract was subject to a trust deed securing the respective amounts of $1000, $6000 and $2300. Applegate answered, denying that Mrs. Applegate owned any interest in the real estate and alleging that he furnished the entire purchase price; that at the time the title was taken in joint tenancy he did not intend to make a gift or advancement to his wife of any part of the title, or that she should have any present interest except her inchoate right of dower and the right of survivorship so long as title should be held in joint tenancy and no longer; that upon the conveyance of the title in joint tenancy he took possession of the premises, collected the rents without accounting to his wife and exercised absolute authority and dominion over the premises; that the deeds from Applegate to Berliner

were merely to secure Berliner against any loss by reason of his becoming surety for the appearance of Applegate in certain criminal proceedings pending against him, and that Berliner never took possession of the premises so conveyed to him or collected or made any claim for the rent. The answer admitted that the deeds to Berliner severed the joint tenancy but denied that Mrs. Applegate had any interest therein except her inchoate right of dower. Berliner adopted Applegate's answer with reference to the purpose of the conveyances to him and denied that Mrs. Applegate had any interest in the real estate except the inchoate right of dower, and Applegate filed a supplemental answer alleging that Berliner had re-conveyed to him on December 12, 1925. The cause was referred to a master, who heard evidence and reported it with his conclusion that the bill should be dismissed for want of equity. Objections of the complainant to the master's report were overruled, and, being ordered to stand as exceptions, the chancellor overruled them and entered a decree dismissing the bill for want of equity, from which the complainant has appealed.

Edward W. Applegate is a dentist practicing his profession in Chicago. He bought the three parcels of real estate in question by three separate contracts and acquired the titles on July 27, 1915, June 28, 1916, and March 25, 1921. His wife had no property, and in each case he paid the consideration and directed the conveyance to be made to himself and his wife as joint tenants, and it was so conveyed. His claim is that he did not intend to make a gift to his wife but only that she should have the right of survivorship, and it is clearly shown by the testimony of his attorney who advised him in regard to the transactions, that Applegate asked him what joint tenancy was, and the attorney explained to him that it meant that if both he and his wife took the title, whichever survived would take all the estate, and that it would not have to be probated. Applegate said that he was satisfied to have the property in

joint tenancy with the distinct understanding that the Wolfs (his wife's family) did not get anything. If he died he did not care what happened but he was to have control during his lifetime, and the only right his wife was to have was the right of survivorship. He directed the attorney to fix the property in joint tenancy with that understanding. A deed was thereupon prepared, and the property was conveyed to Applegate and his wife as joint tenants but not as tenants in common. The attorney testified that Applegate said: "I am figuring on buying some more real estate. I think real estate is a good investment and going up. Any further property that I buy I want the title carried in this manner, with the right of survivorship only in my wife, but I want to have entire control of the property and it is to be mine as long as I live." Mrs. Applegate, who was present, said: "Ed has done a lot of things for me but my folks don't appreciate it, and I don't want to see them get any of this property that he worked so hard to get." Title to a second parcel was next conveyed in joint tenancy upon the same instructions, given in the presence of the wife. The attorney had no relation to the third tract acquired. Mrs. Applegate being insane did not testify, and her husband being incompetent because of her insanity could not testify. Other testimony makes it very clear that the deeds were made in the form in which they were made under the circumstances mentioned, for the purpose and in the manner stated, that Mrs. Applegate thoroughly understood how the deeds were made and why, gave her assent and approval to what was said and done, and claimed no interest therein except the right of ownership after her husband's death if she should survive him, and that her husband always managed and controlled the property and received and disposed of the rents and profits as his own.

A resulting trust arises where land is bought with one person's money and the title is taken in the name of an-

other. (*Crawford* v. *Hurst,* 307 Ill. 243.) Where the
purchaser is a husband and the title is taken in the name
of the wife there is a presumption that a gift to the wife
was intended. (*Schultz* v. *Schultz,* 274 Ill. 341; *Scott* v.
*Cornell,* 295 id. 508.) This presumption is not conclusive
but is a presumption of fact which may be rebutted, and
the burden is on the husband or his representatives to show
that a gift was not intended. (*Wright* v. *Wright,* 242 Ill.
71.) It is clear that Applegate did not intend the deeds to
be operative according to their legal effect. He did not in-
tend there should be any joint tenancy. A joint tenancy
is a present estate in all the joint tenants, each being seized
of the whole, and an essential characteristic of the estate
is the right of survivorship,—that is, the right of the last
survivor to take the whole. Applegate did not intend that
his wife should have any present estate. He wanted to
have entire control of the property and that it should be
his as long as he lived. He wanted his wife to have what
he called the right of survivorship, by which he meant the
right of succession if she outlived him. The deed, there-
fore, was to convey no estate during his lifetime, for he
was to have the entire control and be the owner so long
as he lived; and it was to convey no estate after his death,
for it made no mention of any such estate, and although
he spoke of the right of survivorship he was speaking of
something which could not exist, because by his under-
standing his wife was to have no estate during his life and
there was therefore no estate to which the right of survivor-
ship could attach. He had an incorrect idea of the estate
of joint tenancy, and when he directed the deeds to be
made in joint tenancy his statement of what he wanted
was impossible of being carried into execution. He wanted
to retain the full ownership, including the right of disposi-
tion as owner, during his lifetime, but with the ownership
in his wife after his death if he did not dispose of the
property in his lifetime. While he directed the deeds to

be made in joint tenancy, his construction of the rights acquired under the deed was erroneous and could not control the effect of the conveyance.

A resulting trust arises by operation of law from the acts of the parties. It is not based upon any agreement of the parties but is independent of contract and is raised by the law itself upon the facts proved. (*Crawford* v. *Hurst,* 299 Ill. 503; *Katzing* v. *Wiegand,* 286 id. 646; *Baughman* v. *Baughman,* 283 id. 55.) The deed conveys the legal title according to its terms. If the consideration is paid by another than the grantee the presumption ordinarily arises that the grantee takes the title for the person paying the consideration, but if that person is the husband of the grantee the presumption arising is that he intended the conveyance as a gift to his wife. The operation of the deed on the legal title is not controlled by intention but is governed by law. Upon the execution of the deeds here involved the title vested in Mr. and Mrs. Applegate jointly. His intention has been stated: that he should have the absolute ownership during his life and she should have the absolute ownership after his death if she survived him and he had not disposed of the property. If any such title can be created it is not effected by a deed in joint tenancy, and no such trust results by operation of law from such deed. It can arise, if at all, only by agreement. Such an agreement was shown by the evidence. The trust is a conventional trust and not a resulting trust. There is nothing unlawful in it, and, in the absence of any objection because of the Statute of Frauds, no reason why it may not be enforced. The grantees in the deeds became joint trustees to hold the lots for the benefit of Applegate during his life with power in him to control and dispose of them in fee, and to hold for the benefit of Mrs. Applegate, after his death, such part of the property as remained undisposed of. The conveyance by Applegate to Berliner severed the legal estate, and thereafter Mrs. Applegate and Berliner

were tenants in common of the legal title. The convey-
ance was in reality by way of mortgage, and upon the re-
conveyance to Applegate he and his wife became tenants in
common as trustees according to the original terms of the
trust. Mrs. Applegate had, therefore, no such title as au-
thorized a partition of the premises and the bill of her con-
servator was properly dismissed. .

The decree is affirmed.                    *Decree affirmed.*