(No. 19060.

HYMAN COHN *et al. vs.* BEATRICE SIEGEL *et al.* Defendants in Error.—(THEODORE F. DECKER, Plaintiff in Error.)

*Opinion filed February 20, 1929.*

JOHN H. SAVAGE, and JAMES G. HOLBROOK, for plaintiff in error.

G. A. BURESH, for defendants in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

Walter R. Drennan, and Bryson B. Hill as trustee, filed a bill in the circuit court of Will county against various defendants to foreclose a second trust deed of $20,000 on a farm in Will county known as the Bane farm. The Mokena State Bank filed a cross-bill to foreclose a first trust deed of $35,000 on the same farm. Beatrice Siegel and Joseph Siegel, her husband, the holders of the record title, filed their answers to the bill and cross-bill. They also filed a cross-bill, admitting the validity of the trust deeds and praying that an affidavit recorded by Clyde M. Healy and

Leonhard Januchowski claiming interest in the property, certain deeds from Healy and Januchowski to Theo. F. Decker, a contract from the Siegels to John Waldvogel and its assignment to Mathias Bingen, William G. Ruehl and Charles Ravendoff, and an option from these last three parties to Januchowski, be removed as clouds on their title. Theo. F. Decker filed an intervening petition, was made a party defendant and filed his answer and cross-bill, in which he alleged that Mrs. Siegel held the title in trust for his assignors, Healy and Januchowski, and therefore they held the title for him, and he prayed that he be declared to be the owner of the equity of redemption. Bingen, Ruehl and Ravendoff filed their answer and cross-bill, setting up that they held a contract to purchase the premises, which contract was in full force and effect, and they prayed for specific performance of it. The chancellor heard the evidence in open court and entered a decree of foreclosure upon the two trust deeds; finding that Beatrice Siegel owned the equity of redemption; that the cross-bill of Bingen, Ruehl and Ravendoff be dismissed for want of equity; that the affidavit of Healy and Januchowski and the quit-claim deed from them to Decker all be removed as clouds on the title; and that the cross-bill of Mrs. Siegel be dismissed as to Bingen, Ruehl and Ravendoff. Theo. F. Decker has prosecuted a writ of error from this court to review the decree.

The evidence shows that Beatrice Siegel was the owner of an apartment house in Chicago on which there were three trust deeds, for $75,000, $19,000 and $7000, respectively. The last two have been released and are not involved in this case. On April 3, 1922, she entered into a written contract with Clyde M. Healy to sell this property for $102,000. The $75,000 trust deed was to be assumed, a second mortgage of $15,000 was to be executed, $1000 was paid at the time the contract was signed and $11,000 was to be paid when the deed was delivered. On the same day Healy entered into a contract with Claude J. Bane to exchange the

Chicago property for the Bane farm. Healy was to take the farm subject to a first trust deed for $35,000 and a second trust deed of $20,000, both of which are being foreclosed in this case. Bane was to take the Chicago property subject to the $75,000 trust deed, and he was to execute two trust deeds on the Chicago property for $15,000 each. On May 23, 1922, Joseph Siegel, Healy, Januchowski and Bane met in the office of an attorney to close the two trades. There is a conflict in the evidence as to what took place at this meeting. It is conceded that Healy did not have the $11,000 which he was to pay in cash. It is claimed by the Siegels that on account of the failure of Healy and Januchowski to raise the $11,000 the contract between Healy and Mrs. Siegel and the contract between Healy and Bane were canceled and a new contract was made between the Siegels and Bane; that two trust deeds for $15,000 each on the Chicago property were given to the Siegels and the equities were exchanged without the payment of any money. The farm was conveyed by Bane to Isadore Phillips for the Siegels, and the Chicago property was conveyed by the Siegels to Homer D. Long for Bane. Long executed the two trust deeds for $15,000 each on the Chicago property to the Siegels. On behalf of Healy it is contended that he did not have the balance of the purchase price of $11,000 which he was to pay to Mrs. Siegel; that it was agreed that the Chicago property should be conveyed to Long for Bane, and in order to protect the Siegels in the payment to them of the $11,000 the farm was conveyed to Phillips, who, upon payment of the $11,000, was to convey the farm to Healy and Januchowski; that certain livestock on the farm was later sold for approximately $1200, which livestock had been conveyed by Bane to Phillips under the trust deed; that one of the two trust deeds of $15,000 on the Chicago property belonged to Healy and Januchowski and the other belonged to the Siegels and both were left with Siegel's attorney; that in 1923, when the

interest on the farm loans became due, the trust deed of $15,000 on the Chicago property which belonged to Healy and Januchowski was sold to Bane for $5000 by the Siegels and they received the money therefrom; that Healy and Januchowski made several attempts to sell or trade the farm and get the $11,000 to pay the Siegels, but they were prevented from doing so by the Siegels and Phillips.

On August 4, 1922, Healy and Januchowski obtained from the Siegels an option for sixty days to purchase for $17,000 a third mortgage on the Chicago property, together with the equity in the farm and all personal property thereon. The option provided that Healy and Januchowski were to have no right, title or interest in the property until they paid the $17,000, and upon their failure to pay within sixty days the option was to be void. It also provided that it was not to be recorded, and if it was recorded it was to be void. Phillips deeded the farm to Mrs. Siegel on January 10, 1923, and on February 16, 1923, Healy and Januchowski filed for record in Will county an affidavit which alleged that they were the owners of the farm. Januchowski claims that from time to time he had borrowed from plaintiff in error, Theo. F. Decker, various sums of money aggregating $3500, and in order to pay this debt, on November 23, 1923, Januchowski and wife, and on January 1, 1924, Healy and wife, executed quit-claims to Decker for the Bane farm. These deeds were filed for record on February 9, 1926, and Decker in this case claims title under these deeds.

John Waldvogel was a tenant in possession of the farm at the time of the sale by Bane and he continued to occupy it thereafter. He occupied it in 1923 as the tenant of the Siegels, under a lease providing for a $3000 rental, which was not paid. He occupied it in 1924 and 1925 and admitted that he owed the Siegels $5000 as rent for these years. He occupied it in 1926 without paying rent. On December 5, 1923, Waldvogel secured from the Siegels an option

to purchase the farm and claims to have paid $1000 thereon. This option was renewed on January 15, 1924, and Waldvogel claims to have paid Siegel $4000 at that time on the option and that Ruehl and Bingen advanced $1000 each and Ravendoff $2000. The contract was, in fact, secured for Ruehl, Bingen and Ravendoff, and on January 15, 1924, it was assigned by Waldvogel to them. Under the assignment they were not bound by its terms and they did not tender performance or attempt to perform. On January 16, 1923, Ruehl, Bingen and Ravendoff gave an option to Januchowski to purchase the farm for $31,500, subject to all existing liens. On payment of that amount they were to convey their interest in the farm and in the contract between the Siegels and Waldvogel. At that time Januchowski was employed in the office of Bingen, Ruehl and Ravendoff. On February 28, 1924, Bingen, Ruehl and Ravendoff recorded their contract between Siegel and Waldvogel, together with the assignment thereof and their option to Januchowski. Januchowski was not bound by his option, and he did not perform any of the obligations of the option required of Waldvogel. He had an abstract of title to the farm in his possession from August 4, 1922, until April 21, 1924, when it was replevied from him by the Siegels.

On June 5, 1924, Beatrice Siegel filed her bill in the circuit court of Cook county to cancel the contract to Waldvogel, the assignment to Bingen, Ruehl and Ravendoff, the option to Januchowski, and to remove the affidavit of Healy and Januchowski from the records as clouds upon her title, and that suit was pending at the time of the trial in this case. On September 1, 1925, default was made in the payment of interest on the first trust deed. The Mokena State Bank paid $891.14 for taxes. A default was made in the payment of interest on the second trust deed on September 1, 1924. The Siegels paid interest upon the first notes and trust deed from September 1, 1921, to September 1, 1924, amounting to $6300. They paid interest on the sec-

ond trust deed from March 1, 1922, to March 1, 1924, amounting to $2200, and they paid the first note of $2000. They paid taxes on the farm for 1922 and 1923, amounting to $930.

The only question before this court is whether Decker, the plaintiff in error, is the equitable owner of this property. He claims that the conveyance to Phillips raised a resulting trust in favor of Healy and Januchowski, who furnished the consideration for the conveyance; that under the deeds from Healy and Januchowski, Decker acquired their interests as beneficiaries in such trust; that the conveyance by Phillips to Mrs. Siegel created the same trust in her that was previously established in Phillips; that Decker is the equitable owner of the premises; that the court should have decreed an accounting between the Siegels and Decker for the various sums received by them and the money due them; that Mrs. Siegel should be credited with $11,000, plus such other sums as she paid; and that the court was in error in dismissing the cross-bill of Decker and removing from the record the deeds from Healy and Januchowski conveying the farm to Decker.

A resulting trust arises by operation of law from the acts of the parties. It is not based upon any agreement but is independent of contract and is raised by the law itself upon the facts proved. (*Crawford* v. *Hurst,* 299 Ill. 503; *Katzing* v. *Wiegand,* 286 id. 646; *Baughman* v. *Baughman,* 283 id. 55.) It arises where land is bought with the money of one person and the title is taken in the name of another. (*Partridge* v. *Berliner,* 325 Ill. 253; *Crawford* v. *Hurst,* 307 id. 243.) To establish the trust the evidence must be full, clear, strong and unequivocal. (*McCarthy* v. *McCarthy,* 289 Ill. 365; *Orear* v. *Farmers State Bank,* 286 id. 454; *Stubbings* v. *Stubbings,* 248 id. 406.) A trust will not result to one party who pays a part, only, of the purchase price of the land conveyed to another unless it be some definite part of the whole consideration, and

the trust can only arise from the original transaction at the time it takes place. The funds must be advanced and invested at the time the purchase is made. *Briscoe* v. *Price,* 275 Ill. 63; *Wells* v. *Messenger,* 249 id. 72.

The title of Decker depends entirely upon the title of Healy and Januchowski. He could have no better title than they had. There is no competent evidence to show a resulting trust in Januchowski. He was not a party to either of the contracts for the exchange of these properties. He did not sign either of them and did not assume any liability or obligation under them. He was not required to pay any money or to make any deeds, and he did not pay any money or make any deeds. On May 23, 1922, the day of settlement, Healy, under his contract with the Siegels, was to pay $11,000 to Mrs. Siegel. He did not have the money at that time to make the payment and therefore could not comply with his contracts and neither contract was carried out according to its terms. Other arrangements had to be made and other arrangements were made. What these other arrangements were is in dispute. There are several facts in evidence which show that no resulting trust was created in favor of either Healy or Januchowski. At the time the deeds were exchanged the following notation was written across the face of the contract between Bane and Healy: "This transaction closed, and contract canceled, May 23, 1922." Januchowski testified that this notation was in his handwriting. This notation tends to sustain the contention of the Siegels that at least one of the contracts was canceled on the day of settlement. Healy and Januchowski testified that a written declaration of trust was drawn up at the time of settlement but was not signed. No such instrument was produced, no attempt was made to produce it and no other witness testified that it was drawn. At the time the deeds were exchanged no money was paid by either Healy or Januchowski, and no money has been paid by either of them since that time. They

never paid any interest or principal on the mortgages and they paid no taxes. All of these items for over two years were paid by the Siegels. Healy and Januchowski testified they tried to sell or trade their equity in the farm so as to get the money to pay the $11,000 which they owed to Siegel and that they were prevented from so doing by the Siegels and Phillips. There is no evidence that they ever tendered this amount, or any other amount, to either the Siegels or Phillips. If they had a resulting trust in the farm they could easily have secured their title by tendering the amount due and by application to the courts for relief, but they took no such steps.

One of the strongest evidences that Healy and Januchowski did not have any title is evidenced by the option of August 4, 1922. The option was for sixty days and $17,000 was to be paid for the farm. It expressly provided that it should not vest Healy and Januchowski with any right, title or interest in the property until they had paid the money. Neither Healy nor Januchowski made any attempt to comply with this option and they violated its terms by filing it for record. If they were the owners of the equity they certainly would not take an option to buy what they already owned. The option was an admission that they had no right, title or interest in the farm until they paid the amount provided in the option.

On November 28, 1923, Januchowski and Healy pretended to convey all of their rights in the property under the resulting trust to Decker in payment of an alleged debt of $3500. On January 15, 1924, Januchowski took an option on the farm from Ruehl, Bingen and Ravendoff, in which he agreed to buy the farm for $31,500, subject to all existing liens. By this option Januchowski did not become bound to perform any of the conditions of the option between the Siegels and Waldvogel, and he did not tender performance thereof to Siegel. If there was a resulting trust in favor of Healy and Januchowski, as they testified,

and they conveyed their title to Decker, Januchowski certainly would not have taken an option on January 15, 1924, to purchase for $31,500 the title which would of necessity come from the Siegels, who Januchowski claims had no title.

·The evidence, considered as a whole, did not establish a trust in favor of Decker in that clear and convincing manner which the law requires, and the decree as entered was correct and will be affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Decree affirmed.*