(No. 19763.—

EDMUND F. WIES, Appellant, *vs.* JOHN ALVIN O'HOROW *et al.* Appellees.

*Opinion filed December 20, 1929.*

D. R. WEBB, and W. E. KNOWLES, for appellant.

H. GRADY VIEN, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Clara Wies, the wife of appellant, a resident of East St. Louis, died testate December 2, 1926, and at the time of her death had the record title to lot 35, block 41, in North

Claremont addition to the city of East St. Louis. By her last will and testament she devised this property to appellant, subject to the payment of $2000 to John Alvin O'Horow, a minor grandson of the deceased, and also bequeathed to her grandson a victrola and a piano. All the rest of her estate she gave to appellant. Appellant filed his bill in the circuit court of St. Clair county, alleging that he was the owner of the property in question; that the property had been purchased with his money; that the title had been taken in his wife's name without his knowledge and consent, and that thereby a resulting trust was created in his favor. O'Horow filed an answer denying the existence of the trust. The cause was referred to a master in chancery, who, after hearing the evidence, reported that no resulting trust was established and that appellant had failed to establish the various material allegations of his bill, and recommended a decree dismissing the bill for want of equity. Appellant filed objections to the master's report, which were overruled and stood as exceptions thereto. The court overruled the exceptions, approved the master's report and entered a decree in accordance therewith dismissing appellant's bill for want of equity, from which decree appellant has appealed to this court.

The evidence shows that appellant formerly owned and conducted a bakery business; that his wife, Clara Wies, assisted him therein, doing a portion of the work in addition to her household duties; that she handled all the money, paid all bills both for the business and family expenses, bought his clothing and gave him spending money; that they had three bank accounts—one in the name of the Wies Baking Company, one being a personal account in the name of appellant at the Southern Illinois National Bank at East St. Louis, and Mrs. Wies had an account in her name at the Union Trust Company, East St. Louis; that in the fall of 1923 the bakery business was sold and thereafter appellant worked as a baker. The property in question was pur-

chased from one Koopmann, who executed a warranty deed therefor to Mrs. Wies, dated October 19, 1923, and on the same day she gave to him, in payment therefor, appellant's check for $4000, and she and appellant executed a note and mortgage for $1500, due five years after date, for the balance of the purchase price; that on October 15, 1924, Mrs. Wies withdrew $1700 from her own account at the Union Trust Company and paid the mortgage indebtedness to Koopmann; that during her lifetime Mrs. Wies managed the property, ordered repairs, paid for them and collected the rents. Appellant testified that he did not know that the deed had been taken in his wife's name until after her death.

A witness for appellees testified that she was present at a conversation between appellant and his wife a few days before the bakery business was sold; that appellant said he had a chance to sell the bakery; that his wife said to the witness, "If he sells the business I won't have any more income;" that appellant said: "You are entitled to an income; you helped me seven years, and I will give you an income to buy a house and you will have the rent; my money I will put in the bank;" that on another occasion, after the premises in question had been purchased, the witness was present at a conversation between appellant and his wife in which Mrs. Wies said that she had put a roof on and had a back porch built on the house; that she said, "Ed, go over and look at it," and that he said: "That ain't my house; that's yours; it will be time enough for me to look when I move in." Another witness testified that after the purchase of the premises she heard appellant and his wife arguing about painting the porch, and that appellant told his wife to go ahead and paint the porch, as it belonged to her. Another witness, who was a tenant in possession of the property from May, 1925, to September, 1927, testified that when he went to make the first payment of the rent to the Wies' he went to appellant, and that appellant said he should make the check for the rent payable to Mrs. Wies, as she took care

of that part of the business, and that during the time he lived there the receipts for the rent were signed by Mrs. Wies. Another tenant who had occupied the property testified that he rented the property from Mrs. Wies and that he paid her the rent. Another witness testified that at one time the building on the premises caught fire, and that at that time appellant said that he did not care if it burned down, as it belonged to his wife. Appellant denied all these alleged statements.

A resulting trust arises by operation of law from the acts of the parties where land is bought with one person's money and the title is taken in the name of another. (*Crawford* v. *Hurst,* 307 Ill. 243.) Where the purchaser is a husband and the title is taken in the name of the wife there is a presumption that a gift to the wife was intended. (*Schultz* v. *Schultz,* 274 Ill. 341; *Scott* v. *Cornell,* 295 id. 508.) This presumption is not conclusive but is a presumption of fact which may be rebutted, and the burden is on the husband or his representatives to show that a gift was not intended. (*Partridge* v. *Berliner,* 325 Ill. 253; *Devine* v. *Devine,* 180 id. 447.) Where it is sought to establish a trust by parol evidence the proof must be clear, convincing, and so strong, unequivocal and unmistakable as to lead to but one conclusion, and if the evidence is doubtful or is capable of reasonable explanation upon theories other than the existence of a trust it is not sufficient. (*Neagle* v. *McMullen,* 334 Ill. 168.) The master in chancery and the trial court both found that the proof failed to show circumstances from which the law would create a resulting trust in the property in his favor. When the evidence in the case is tested by the rules herein laid down we agree with the finding of the chancellor.

The decree of the circuit court is affirmed.

*Decree affirmed.*