CARRIE E. MOLTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25730.   Promulgated May 12, 1930.

*Wilbur H. Jones, Esq., Mark H. Adams, Esq.*, and *Stanley Spurrier, C. P. A.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

OPINION.

Lansdon: The single question to be determined in this proceeding is whether the petitioner is entitled to deductions for depletion with respect to certain oil and gas property. The respondent contends that her interest in the property was acquired from her husband without cost after discovery of oil had been made and that no basis exists for the deductions claimed. The petitioner contends that she has always been the equitable owner of an undivided one-half interest in the land and that she is entitled to depletion deductions based on discovery value.

The facts disclose that $2,000 of petitioner's separate estate was applied on the purchase price of an Illinois farm on which a total amount of $4,000 had been paid at the time it was exchanged for a farm in Kansas. The remaining $2,000 paid on the farm represented savings from farm profits. In consideration of being released from further payments on the Illinois property, the petitioner and her husband assumed an indebtedness of $6,000 on the Kansas farm which was secured by a mortgage. The $6,000 was later paid out of the proceeds from the sale of oil and gas royalty interests under an existing lease on the Kansas farm, oil having been discovered in November,

1921. There has always been an understanding between petitioner and her husband that the farms were owned by them jointly and until after oil was discovered on the property it was not known that title stood in petitioner's husband alone.

In both Kansas and Illinois, a wife may enter into contracts with her husband and with other persons. She may own property and engage in business in her own name and as a partner. Revised Statutes of Kansas (1923), sec. 23–201, 23–204; *Putnam* v. *Putnam*, 104 Kans. 47; 177 Pac. 838; Cahill's Illinois Revised Statutes (1929), ch. 68, ¶ 6 to 9. The decisions of both States clearly support the general proposition of law that if a husband purchase real estate with the separate estate of his wife or with the proceeds or accumulation from it and take the title in his name, a trust results to his wife. Perry on Trusts, 7th ed., vol. 1, p. 194; *Howard* v. *Howard*, 52 Kans. 469; 34 Pac. 1114; *Crawford* v. *Herst*, 299 Ill. 503; 132 N. E. 521; *Wright* v. *Wright*, 242 Ill. 71; 89 N. E. 789. Cf. *Stickney* v. *Stickney*, 131 U. S. 227; *Smithsonian Institution* v. *Meech*, 169 U. S. 398.

We think the petitioner was the equitable owner of a one-half interest in the Kansas farm when oil was discovered thereon. It follows that she is entitled to report her share of the income and deduct her share of the depletion based upon the fair market value at the date of discovery. *Carl W. Gillette*, 18 B. T. A. 434; *Estate of Thomas A. Merritt*, 13 B. T. A. 1096; *Thomas F. Kelley*, 9 B. T. A. 834; *L. F. Sunlin*, 6 B. T. A. 1232; *Ralph L. Hinckley*, 6 B. T. A. 312.

*Decision will be entered under Rule 50.*